UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EUNICE ALBAN<br><br>               Plaintiff,<br>    v.<br><br>MICHAEL J. ASTRUE,<br>    COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | 3:11 - CV - 1119  (CSH)<br><br><br>**ORDER** |

**HAIGHT, Senior District Judge:**

**I.     BACKGROUND**

This action, filed under § 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), as amended, seeks review of a final decision by the Commissioner of Social Security ("SSA") denying plaintiff Eunice Alban ("Plaintiff") disability insurance benefits ("DIB"). Plaintiff first applied for DIB on October 29, 2008, based on her "degenerative hip problems, arthritis, lower back pain, asthma and migraines." Doc. #23, p. 1; *see also* Certified Transcript of Administrative Proceedings ("Tr."), dated May 24, 2012, at 122-25, 163, 170-78, 182, 186-87, 199. Plaintiff's application for DIB was denied both initially and upon reconsideration. Doc. #23, p. 1; Tr. at 45-73, 77-83. On August 31, 2009, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Doc. #23, p. 1; Tr. at 84-85, 86-92.  The hearing, at which Plaintiff testified,  was held before ALJ Eileen Burlison on December 3, 2010.  Doc. #23, p. 1; Tr. at 19-44, 93-107, 115-21. During the hearing, Plaintiff was represented by counsel. Doc. #23, p. 1; Tr. at 19, 75-76.  On

February 17, 2011, ALJ Burlison issued her decision, finding that Plaintiff had not been under a disability through the date of her decision. Doc. #23, p. 1; Tr. at 4-14.  On May 24, 2011, the Decision Review Board issued its notice that it did not complete a timely review, which thus rendered the ALJ's decision the final decision of the Commissioner. Doc. #23, p. 1-2; Tr. at 1-3.

On July 15, 2011, Plaintiff, proceeding *pro se*, filed her Complaint in this action.  Doc. #1. On July 19, 2011, pursuant to 28 U.S.C. § 636(b)(1)(B), this Court referred the case to Magistrate Judge Joan G. Margolis for all purposes except trial.  Doc. #4.  On July 11, 2012, the Commissioner filed his Answer to the Complaint along with an attached copy of the Certified Administrative Transcript. Doc. #16.  Counsel filed an appearance on behalf of Plaintiff on August 1, 2012. Doc. #18.

On September 12, 2012, Plaintiff moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Doc. # 19.  On October 5, 2012, the defendant Commissioner filed a "Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant."[1]  Doc. #21.  On October 11, 2012, Plaintiff filed a reply memorandum in further support of her motion for judgment on the pleadings. Doc. #22.

Magistrate Judge Margolis thereafter reviewed both  parties' motions and papers, the evidence contained in the  administrative record, and the text of the ALJ's decision.   In particular, Magistrate Judge Margolis  (1) determined whether the Commissioner, through the ALJ,  applied the correct legal principles in making the determination at issue; and (2) evaluated whether that determination was supported by substantial evidence. Doc. #23, p. 2-3; *see also Balsamo v. Chater*,

---

[1]   Under sentence four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

2

142 F.3d 75, 79 (2d Cir. 1998). As a result, Magistrate Judge Margolis formulated and filed with this Court her recommendations for disposition of the pending motions and, resultantly, the case.

## II.     RECOMMENDED RULING

On December 6, 2012, Magistrate Judge Margolis filed her Recommended Ruling granting Plaintiff's Motion for Judgment on the Pleadings (Doc. #19) and denying the Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Doc. #21). In sum, the Magistrate Judge determined that although ALJ Burlison employed the proper "five step evaluation" to determine whether a claimant is "disabled" and thus entitled to DIB, Doc. #23, p. 3-4 (citing 20 C.F.R. §404.1520), the ALJ erred at step three by concluding that Plaintiff's proven severe impairments or combination of impairments "do not meet or equal an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Part 404," Doc. #23, p. 4 (citing Tr. at 10 and 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).[2]

Upon careful review of the Recommended Ruling and the relevant evidence in the administrative record, the Court concurs with the Magistrate Judge's findings, conclusions, and hence recommended rulings. Specifically, the Court finds that the evidence in the administrative record establishes that Plaintiff is *per se* disabled pursuant to Listing 1.04(A).[3] *See* 20 C.F.R.

---

[2] For a full description of the five requisite steps for the ALJ to evaluate whether a claimant is "disabled" and thus entitled to DIB, *see* 20 C.F.R. §404.1520(a) (4)(i)-(v).

[3] 20 C.F.R. Pt. 404, Subpart P, App. 1, captioned "Listing of Impairments," states in relevant part:

> 1.04   Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

§404.1520(a)(4)(iii) (if the claimant's impairment "meets or equals one of [the impairments set forth in the] listings in appendix 1 of this subpart," the claimant will be automatically considered "disabled"). The medical evidence Plaintiff presented to ALJ Burlison satisfies the requirements of Listing 1.04(A) – that is, proves that Plaintiff possesses a "disorder of the spine," including, *inter alia*, a "herniated nucleus pulposus and degenerative disc disease with compression of a nerve root." *See* Doc. #23, p. 6 (citing Tr. at 436, 458). *See also* Doc. #23, p. 7 (Plaintiff experienced "neuro-anatomic distribution of pain (radiating pain), limited motion of the spine, muscle weakness, sensory loss, and positive leg raising," all of which combined to satisfy the requirements of Listing 1.04(A)); Tr. at 425-26, 436, 438-39, 441-44, 447, 458, 463-64, 477.

As Magistrate Judge Margolis noted in her Recommended Ruling, despite extensive evidence satisfying the requirements of Listing 1.04(A), providing "voluminous support for a conclusion that [P]laintiff's cervical spine disorder is of Listing level severity, the ALJ in this case" chose to "limit[] her consideration of the foregoing to the single sentence, 'The evidence of record does not include the medical findings or opinion evidence necessary to conclude that the claimant's impairments meet or medically equal any listed impairment.'" Doc. #23, p. 10 (quoting Tr. at.10). The ALJ thus reached her conclusion without providing an analysis of the evidence. In general, such a lack of analysis and complete "failure to provide reasons for [her] statement[] [would] leave this Court unable to determine whether [her] conclusion that Plaintiff's condition does not meet any

---

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

listing is supported by substantial evidence." Doc. #23, p.11 (quoting *Velazquez v. Barnhart*, No. 3:02 cv 1264 (MRK), 2004 WL 367614, at *7 (D.Conn. Feb. 19, 2004) and citing *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)). In the case in suit, however, the ALJ's stark conclusion actually *contravenes* the wealth of detailed evidence of spinal disorder that Plaintiff presented. The ALJ thus erred by either completely disregarding the substantial evidence presented or forming a bald conclusion inconsistent therewith.

The Commissioner has not objected to the Magistrate Judge's proposed findings and recommendations. Moreover, the statutory fourteen-day period for parties to file written objections has expired. *See* 28 U.S.C. §636(b) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").[4] *See also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition [of the magistrate judge], a party may serve and file specific written objections to the proposed findings and recommendations.").

In her Recommended Ruling, Magistrate Judge Margolis explicitly advised the parties that, under 28 U.S.C. §636(b), if they wished to file written objections to that ruling, they had "fourteen calendar days after service" of the ruling. Doc. #23, p. 12 (citing 28 U.S.C. §636(b)). She further provided Second Circuit precedent indicating that failure to file a timely objection may preclude further judicial review. Doc. #23, p. 12 (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d

---

[4] Magistrate Judge Margolis filed her Recommended Ruling on December 6, 2012, simultaneously providing electronic service of the ruling on the Commissioner on that date. Doc. #23. The Commissioner had fourteen (14) days following that filing (until and including December 20, 2012) to file written objections to the ruling, 28 U.S.C. §636(b).

15, 16 (2d Cir. 1989)).[5]   Under these circumstances, the Commissioner has likely waived his opportunity for appellate review of the Magistrate Judge's recommended ruling.

In sum, the Court has reviewed Magistrate Judge Margolis's Recommended Ruling (Doc. #23) and concludes that it agrees with that ruling.   The Court concurs with the finding that ALJ Burlison's decision, as adopted by the Commissioner, should be set aside as unsupported by, and in fact incongruent with, substantial evidence. *See Balsamo*, 142 F.3d at 79 ("We set aside the ALJ's decision only where it is based upon legal error *or is not supported by substantial evidence*.")(emphasis added)); *Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) ("Reversal of the Commissioner's decision is warranted only *if it is not supported by substantial evidence*.") (emphasis added), *cert. denied*, 534 U.S. 1071 (2001); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 2005) ("The findings of the Secretary are conclusive *unless they are not supported by substantial evidence*.") (emphasis added).  *See also* 42 U.S.C. § 405 ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or *reversing* the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing;" and "the findings of the Commissioner of Social Security as to any fact" shall be conclusive "*if supported by substantial evidence*.") (emphasis added).

## III. CONCLUSION

In consequence, the Court ACCEPTS the Recommended Ruling of Magistrate Judge Margolis and ADOPTS the rulings stated therein as those of this Court.   Accordingly, Plaintiff's

---

[5] In *Small v. Sec'y of Health and Human Servs.*, the Second Circuit noted that further judicial review of a magistrate judge's ruling may be barred "when the parties receive clear notice of the consequences of their failure to object." 892 F.2d at 16  (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

Motion for Judgment on the Pleadings (Doc. #19) is GRANTED and the Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Doc. #21) is DENIED. The decision of the Commissioner, denying Plaintiff DIB, is reversed as unsupported by substantial evidence. Because the medical evidence in the record clearly establishes that Plaintiff's impairment meets or equals a "disorder of the spine," as set forth in Listing 1.04(A), Plaintiff is automatically deemed "disabled," 20 C.F.R. §404.1520(a)(4)(iii), obviating the need for remand. The Commissioner shall award DIB to Plaintiff retroactively from the date of her application for benefits, October 29, 2008. The Clerk of the Court is directed to close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 28, 2012

/s/Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge